[No. 5925. Decided March 22, 1906.]

JOSEPHINE A. WOODMAN *et al.*, *Appellants*, v. SEATTLE ELECTRIC COMPANY, *Respondent*.[1]

CARRIERS — NEGLIGENCE — PASSENGERS — BOARDING STREET CAR IN MOTION—NONSUIT. In an action for death resulting from personal injuries received by a passenger in attempting to board a street car, there is no evidence of negligence on the part of the defendant, and a nonsuit is properly directed, where it appears that the car had stopped to take on passengers waiting at the far crossing, and that the deceased approached from the rear and attempted to board the rear platform as the car was starting, there being no evidence that the conductor saw, or by the exercise of reasonable care, should have seen, that he was intending to board the car.

Appeal from a judgment of the superior court for King county, Morris, J., entered June 27, 1905, upon granting a nonsuit, in an action for death resulting from injuries sustained by a passenger in attempting to board a street car. Affirmed.

*Baxter & Wilson*, for appellants.

*Hughes, McMicken, Dovell & Ramsey*, for respondent.

MOUNT, C. J.—This is an action for damages on account of personal injuries, which are alleged to have resulted in the death of W. H. Woodman. The action was brought by the widow and minor children of the deceased. The complaint alleged negligence as follows:

[1] Reported in 85 Pac. 23.

"That on or about the 2d day of September, 1904, the said
W. H. Woodman presented himself as a passenger on one of
defendant's cars upon C street, in the city of Ballard; that
near the intersection of said C street and Main street, the
said W. H. Woodman signalled to the conductor and driver
in charge of said car to stop the same for the purpose of
allowing the said Woodman to enter thereon; that said car
was thereupon stopped and the said Woodman thereupon at-
tempted to board the same, but that, through the negligence
and carelessness of the driver or conductor of said car or of
both of them, said car was started while he was part way
upon said car and before he had obtained a secure footing
thereon."

At the close of plaintiffs' evidence, the trial court dismissed
the action, for the reason that the evidence failed to show any
negligence on the part of the defendant company, and for the
further reason that the injuries received by the deceased were
caused by his own careless and negligent acts.

There was but one witness who testified to the accident.
The facts are not disputed, and are substantially as follows:
The defendant company operated an electric street car line
between Ballard and Seattle. On November 2, 1904, a car
bound for Seattle was going east on C street, in the city of
Ballard. When the car came to Main street, which crosses
C street at right angles, two ladies were waiting there to
board the car. The car stopped for these ladies at the east
side of Main street. The ladies immediately boarded the
rear platform of the car. When the car stopped Mr. Wood-
man was somewhere between the rear of the car and the south-
west corner of the intersection of Main and C streets, walking
very fast to catch the car. He reached the car about the time
it started, and took hold of it and attempted to board it. As
he did so his foot slipped from the bottom step, and he landed
on the board pavement, still holding to the car with his
hands. He again attempted to get his feet on the step, but
failed, and holding on to the car, was dragged about fifty or
sixty feet when the car was stopped. When he attempted to

get on the car the second time, the conductor caught him by the arm and attempted to assist him, but without success. When the car stopped, he got up from the ground, brushed himself, and boarded the car and rode to his destination. He died on January 5, 1905. The evidence in the record does not show the character of the injuries.

No negligence of the respondent company is shown in this case. The only possible claim of negligence which could be made is the one which is attempted to be made, viz., that the conductor of the car saw, or should have seen, that Mr. Woodman intended to board the car before the car was started. There is no evidence that the conductor actually saw him until after he had attempted to board the car and slipped off. The car was then in motion. Nor is there any evidence that the conductor in the exercise of reasonable care, should have seen that Mr. Woodman was intending to board the car before it started, or before the signal to start was given by the conductor to the motorman. Mr. Woodman was not with the ladies when the car stopped for them, nor was he at the entrance of the car when it was stopped, but was to the rear thereof, and it does not appear that he was in sight of the conductor. He did not reach the car until it was in motion or about to start, and evidently after the signal to start had been given by the conductor. Unless it was shown that the conductor should have seen the deceased, or that the latter was intending to board the car before the signal to go ahead was given, or before the car started, the conductor was not negligent and, of course, the respondent was not negligent. *Foster v. Seattle Electric Co.,* 35 Wash. 177, 76 Pac. 995. The evidence does not show that the conductor was not at his station, nor does it show any facts from which the jury might reasonably conclude that the company was negligent.

The judgment is therefore affirmed.

ROOT, FULLERTON, HADLEY, CROW, and DUNBAR, JJ., concur.