[No. 11310.   Department Two.   February 4, 1914.] ·

C. R. GANNAWAY et al., Respondents, v. PUGET SOUND TRACTION, LIGHT & POWER COMPANY, Appellant.[1]

CARRIERS—PASSENGERS—RELATION—STREET RAILWAYS—ACCIDENTS TO PERSONS NEAR TRACKS. Where plaintiffs had alighted from a street car upon a platform, and were walking along the side of the car, they ceased to be passengers, and the company was not liable when the car was started around a curve, causing the overhang of the car to swing out and strike the plaintiffs; as ordinary prudence required plaintiffs to take notice that there was an overhang to an ordinary street car when rounding a curve.

CARRIERS—INJURY TO PASSENGERS—SETTING DOWN PASSENGERS—NEGLIGENCE—EVIDENCE—SUFFICIENCY. It is not negligence for a street car conductor to fail to notice that passengers who had alighted near a curve had placed themselves in a place of danger from the overhang of the car when the car was started around the curve, where it appears that the accident happened after dark, and the lights inside the car prevented the conductor from seeing anything outside.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 28, 1913, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a pedestrian struck by the overhang of a street car rounding a curve. Reversed.

James B. Howe and A. J. Falknor, for appellant.

Reynolds, Ballinger & Hutson, for respondents.

PER CURIAM.—The appellant owns and operates a street railway system in the city of Seattle. One of its lines, known

[1]Reported in 138 Pac. 267.

as the Fauntleroy Park line, passes for a part of the way along 28th avenue southwest, to its junction with Andover street, where it turns to the right and passes on its way over that street. The track is laid to the left of the center of the streets. The street known as 28th avenue southwest, is paved with planking for its full width on the right or east of the car tracks from its junction with Andover street for some distance south. There is no paving of any kind between the tracks, nor on the street to the left or west thereof. The cars operated over this line are of a large double-trucked type, having a front and rear exit opening on the right of the car. Passengers traveling north over 28th avenue southwest, and desiring to alight at its junction with Andover street, are of necessity let out onto the east side of the track onto the planked way of the street. Those coming from the opposite direction must be let out on the other side, and for their accommodation and for the accommodation of those desiring to take cars going in that direction, the appellant constructed a platform, some five feet wide, extending south on 28th avenue southwest, from its junction with Andover street, for a distance of thirty feet.

On the evening of April 29, 1912, the respondents, with some eight others, took passage on one of the appellant's cars at points south of the junction of the streets named, their designation being such junction. When the car reached the junction, it stopped at its usual stopping place to the right of the platform mentioned, and the party alighted from the rear exit onto the planked roadway to the right of the car and on its opposite side from the platform. The party immediately passed to the rear of the car, crossed the car tracks, stepped upon the platform, and proceeded to walk north thereon towards Andover street. While they were passing over the platform, the car started forward on its way, and in making the turn onto Andover street, the rear end of the car swung over the platform some three feet, striking the respondent Pearl Gannaway, causing the injuries for which this

action is prosecuted. A recovery was had in the court below, and this appeal is taken therefrom.

At the close of the case, the foregoing facts appearing, the appellant challenged the sufficiency of the evidence to justify a recovery, and in this court assigns error on the refusal of the court to sustain the challenge.

The challenge should have been sustained. The respondents had ceased to be passengers on the car when the accident happened, and the appellant owed them no greater duty to look out for their personal safety than it owed to persons passing along the street generally. It is not a duty of street car companies to warn pedestrians on the streets that there is an overhang to an ordinary street car when it rounds a curve. This is a matter of common knowledge, and ordinary prudence requires that every one take notice of the fact.

But it is claimed that the circumstances shown here makes a case different from that of an ordinary case where a pedestrian on the street is struck by the overhang of a street car. It is said that the conductor knew, or ought to have known, the direction the respondents had taken on leaving the car, and that they were upon the platform and liable to be injured when he directed the motorman to proceed onward with the car. But there is nothing in the evidence to justify this conclusion. The accident happened at about eight o'clock in the evening, and although there was an electric arc light at the junction of the streets, the car inside was more brilliantly lighted than the space surrounding it. This would prevent the conductor inside of the car from seeing anything on the outside, even had he attempted to look, but he owed the respondents no duty to look. He had performed his full duty when he saw that they were safely alighted on the street out of the way of harm from the car. If, after being thus put in a place of safety, they deliberately walked into a place the dangers of which they knew as well as the conductor knew, he cannot be blamed because he did not follow them and warn them. Of course, if he actually saw or discovered that they

were in a perilous position in time to prevent an injury by waiting until they had left the platform, or by stopping the car after it had been directed to start, a different question would be presented, but nothing of this kind appears in the record.

The judgment is reversed, and the case remanded with instructions to dismiss the action.