[No. 18677. Department One. September 4, 1924.]

HELEN LEFTRIDGE *et al., Appellants,* v. THE CITY OF SEATTLE, *Respondent.*[1]

STREET RAILROADS (18)—INJURY TO PERSON NEAR TRACK—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. While a pedestrian is guilty of contributory negligence in assuming a position of danger from the overhang of an ordinary street car in rounding a turn, there is no contributory negligence, as a matter of law, where the car was not an ordinary car, and there was nothing to indicate that the overhang would be much greater than in the case of an ordinary car.

SAME (23)—CONTRIBUTORY NEGLIGENCE—LAST CLEAR CHANCE. The doctrine of last clear chance to avoid an injury to a pedestrian from the overhang of a street car rounding a curve applies in two instances, viz.: (1) where the motorman actually saw the peril of the traveller in time to have avoided the injury by the exercise of ordinary care, even if the traveller's negligence continued up to the time of the injury; and (2), where, by the exercise of ordinary care, the motorman should have discovered the peril in time to have avoided an injury, but only in case the traveller's negligence had terminated or culminated in a situation of peril from which he could not extricate himself.

Appeal from a judgment and order of the superior court for King county, Griffiths and Ronald, JJ., entered April 4, 1924, and March 29, 1924, upon granting a nonsuit and striking interrogatories, in an action in tort. Reversed.

[1]Reported in 228 Pac. 302.

*Morris & Shipley* and *Paul S. Dubuar,* for appellants.

*Thomas J. L. Kennedy* and *Geo. A. Meagher,* for respondent.

MACKINTOSH, J.—The principal question for determination is whether the appellants' amended complaint states a cause of action.

It contains allegations that the respondent owns and operates a street car line along 12th Avenue south, in Seattle, and that on approaching Judkins street from the north 12th avenue south curves to the west and then straightens out again in a southerly direction; that the car tracks on 12th Avenue south curve in the same manner as the street but to a somewhat lesser extent; that the respondent maintains a planking and a sidewalk on 12th Avenue south commencing at Judkins street and continuing thence northerly; that the westerly portion of the planking to the west of the car tracks is used as a sidewalk and was the only sidewalk on that portion of 12th Avenue south, and that all pedestrians were required to use it; that the respondent was negligent in maintaining the sidewalk and the planking used as a sidewalk too close to the west car tracks, so that the rear end of cars being operated on the curve, in leaving the curve swing out a great distance over the sidewalk, rendering dangerous the use of the sidewalk at the time that a street car is passing; that the rear end of cars going south would swing with great suddenness and without warning across the sidewalk; that the respondent's car which struck the appellant was so constructed that it swung over the sidewalk to a much greater distance than a car should do, and for a much greater distance than the character of the curve would indicate to a person even familiar with such situations; that the respondent failed to give pe-

destrians on the sidewalk any warning indicating dangerous conditions; that the appellants were ignorant of the conditions.

The complaint then alleges that, on January 29, 1923, the appellant wife was walking north on the west side of 12th Avenue south, along the sidewalk or planking maintained as a sidewalk, on a course parallel with the west car tracks, and that she was some 35 or 40 feet north of Judkins street and about 5 to 5 1/3 feet west of the west rail of the car track, when the respondent's car operating on 12th Avenue south came towards her, leaving a clearance of several feet, except at the rear end which, without any warning, swung over the sidewalk to so great a distance that it knocked the appellant violently to the ground. It is alleged that the respondent's motorman should have seen, and did see, the appellant and that she was in a dangerous place where she would be hit when the rear end of the car should swing out, and that he should have seen, and did see, that she was unaware of her danger, and that by the use of reasonable care he could then have avoided the injury; but that, instead of exercising reasonable care, he carelessly and negligently failed to sound the gong or give any warning or slow down or stop the car, but continued to operate it until the rear end struck the appellant.

To the complaint an answer was made which contained the plea of contributory negligence. Respondent's objection to the introduction of any evidence was granted and judgment rendered for the respondent.

It will be noticed that in the complaint several allegations of negligence are made. One of these is that the operation of a street car in a situation such as is detailed in the complaint is negligent. It is unnecessary to discuss this phase of the case, however, for the reason that this court has already held that, as a mat-

ter of law, a pedestrian is guilty of contributory negligence who places himself in danger from the overhang of a car, and that ordinary prudence requires pedestrians to take notice that there is an overhang to an ordinary street car rounding a curve. *Gannaway v. Puget Sound Tr., L. & P. Co.*, 77 Wash. 655, 138 Pac. 267. Under that decision the appellant is guilty of contributory negligence in not protecting himself against the overhang of a street car as it rounds a curve.

But this does not necessarily determine that the appellants' complaint states no cause of action. The complaint contains an allegation that this car which contacted with appellant was not an ordinary street car, but swung over the sidewalk to a much greater extent than an ordinary car would and that the character of the curve would indicate, even to persons familiar with such matters. The appellant would, therefore, not be guilty of contributory negligence, as a matter of law, even though she might be so guilty in failing to take heed of the fact that street cars making turns project their rear ends, as she would only have notice of what would ordinarily be done by an ordinary street car rounding this particular curve. If she can establish that this car was extraordinary or did not perform as one might ordinarily be expected to do, she has established a basis upon which recovery might be had.

There is another phase of negligence in the case—that of last clear chance. The complaint alleges further that the operator of the street car saw, or by the exercise of reasonable care should have seen, that the appellant was proceeding to a zone of danger. From the pleadings it is apparent that the appellant's negligence, if any, was continuous up to the time of the accident, and this raises a question about which some confusion has crept into our decisions, as to whether

a plaintiff may recover, under the theory of last clear chance, where her negligence has not terminated at the time of the accident.

Going no farther back into the decisions than to *Mosso v. Stanton Co.*, 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A 943, we find that case endeavored to clarify the last clear chance rule and define two separate conditions under which it was applicable, and the rule is announced as (1) that where the defendant *actually* saw the peril of a traveler on the highway and should have appreciated the danger and failed to exercise reasonable care to avoid injury, such failure made the defendant liable, although the plaintiff's negligence may have continued up to the instant of the injury; but (2) that where the defendant did not actually see the peril of the plaintiff, but by keeping a reasonably careful lookout commensurate with the dangerous character of the agency and the locality *should have seen* the peril and appreciated it in time, by the exercise of reasonable care, to have avoided the injury, and failure to escape the injury results from failure to keep that lookout and exercise that care, the defendant was liable only when the plaintiff's negligence had terminated or culminated in a situation of peril from which the plaintiff could not, by the exercise of reasonable care, extricate himself.

Thus we have two different situations to which the last clear chance rule applies. In the one, the plaintiff's negligence may continue up to the time of the injury if the defendant *actually sees* the peril; in the second, the plaintiff's negligence must have terminated if the defendant did not actually see the peril, but by the exercise of reasonable care *should have seen* it.

This rule, as we have said, has been somewhat confused by later decisions which have failed to recognize

the distinction between situations where the defendant actually saw and situations where, by the exercise of reasonable care, the defendant should have seen the position of the plaintiff.

., In *Moy Quon v. Furuya Co.*, 81 Wash. 526, 143 Pac. 99, the *Mosso* case was followed, the court saying:

·    "In the first situation the respondent's negligence continuing to the time of the injury would be immaterial [where the driver of the automobile actually saw the respondent in time to avoid the injury]. In the second [where the driver by the exercise of reasonable care should have seen the danger in time to avoid injury], the rule of last clear chance would not apply unless the respondent's negligence had spent itself or culminated in a situation from which the exercise of reasonable care on his part thereafter would not extricate him."

In *Scharf v. Spokane & Inland Empire R. Co.*, 92 Wash. 561, 159 Pac. 797, it was held that the last clear chance doctrine did not apply where defendant had no actual knowledge of the peril of the plaintiff, whose negligence continued up to the moment of the injury, recognizing that, if the defendant had actual knowledge of the peril, the fact that the plaintiff's negligence had not terminated would still render the defendant liable. The case, however, contains quotations from authorities which are contrary to the decision in the *Mosso* case, to the effect that the defendant's negligence, being continuous, the last clear chance doctrine would not be applicable, even in cases where the defendant actually knew of the plaintiff's perilous situation.

. In *Hartley v. Lasater*, 96 Wash. 407, 165 Pac. 106, was presented a situation where the defendant did not actually know of the plaintiff's perilous position, and therefore the plaintiff's negligence must have terminated before the defendant could be liable under the

last clear chance doctrine. The opinion properly held that the doctrine had no application, but there is language in the opinion which would indicate that the negligence of the plaintiff must have terminated in order to hold the defendant liable, even if the defendant had known of the plaintiff's danger and could, in the exercise of reasonable care, have avoided injuring him. This language is obiter and of course is contrary to the rule established in the *Mosso* case.

Without attempting to review each one of the cases in which the last clear chance doctrine has been announced, it will be sufficient to note some of the principal ones and straighten out some of the kinks that have got into the line.

In *Locke v. Puget Sound International R. & Power Co.*, 100 Wash. 432, 171 Pac. 242, L. R. A. 1918D 1119, it was held that, where defendant's motorman saw the plaintiff going heedlessly into a zone of danger, the last clear chance doctrine applies even though the plaintiff's negligence was continuous—directly in line with the *Mosso* case, and the opinion does not note the deviation from that rule stated in *Hartley v. Lasater, supra.*

In *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684, it was held that the doctrine of last clear chance does not apply where the defendant did not know, and by the use of reasonable care could not have known, of the plaintiff's negligence, and it was therefore properly decided. The opinion, however, contains a quotation from *Hartley v. Lasater, supra,* containing the dicta to which we have already made reference, and to that extent sanctions it and its incorrect statement that the last clear chance doctrine never applies unless the plaintiff's negligence has terminated.

In *Olson v. Payne,* 116 Wash. 381, 199 Pac. 757, it was held that the last clear chance rule is inapplicable

where the defendant did not know of the plaintiff's negligence and where the plaintiff's negligence had not ceased. This is in conformity with the rule in the *Mosso* case.

In *Snyder v. Smith,* 124 Wash. 21, 213 Pac. 682, it was held that the last clear chance rule does not apply as the case was lacking in evidence that the defendant after discovering the plaintiff's negligence could have had time to avert the accident. An inadvertent statement is contained in that opinion that the last clear chance doctrine does not apply for another reason, and that was that the plaintiff's negligence was continuous and did not terminate until the collision, the opinion failing to recognize that this was immaterial where the defendant had actual knowledge of the plaintiff's peril.

In *MacDonald v. Seattle,* 126 Wash. 1, 217 Pac. 39, a single rule seems to have been substituted for the two rules laid down in the *Mosso* case, and it is there said that the last clear chance doctrine never applies until "the plaintiff's negligence must have terminated." *Hartley v. Lasater, supra,* is referred to as substantiating that principle. Thus something in the *Hartley v. Lasater* case, beginning as dicta, we find in this case fast blossoming into authority. The decision, though, is correct, for the defendant there did not see, nor "by the exercise of reasonable care could have seen," the plaintiff's peril in time to avoid the collision. Of course, under such circumstances, the defendant could not be held liable on the last clear chance theory, but we feel that the opinion, in so far as it states the same rule as to the termination of plaintiff's negligence in cases both where the defendant *actually sees* or *should have seen* the plaintiff's predicament, is incorrect and the rule in *Mosso v. Stanton, supra,* must be here reaffirmed, making, as it does, the distinction between the two situations which we have already referred to.

In the *Gannaway* case, *supra,* the court recognized that there might be a recovery in a case such as the one here, for it said:

"Of course, if he (the motorman) saw or discovered that they (the plaintiffs) were in a perilous position in time to prevent an injury     .     .     .     a different question would be presented."

In the case at bar, the complaint alleging that the motorman of respondent's car actually saw the appellant's danger, it is immaterial whether the plaintiff's continuous negligence may have been terminated or not at the time of the injury, and the complaint therefore states a cause of action.

Error is assigned upon the refusal of the court to compel the respondent to answer two interrogatories. This question demands no discussion. In our view, the interrogatories should have been answered. The judgment is therefore reversed and the cause remanded for a new trial.

MAIN, C. J., HOLCOMB, and TOLMAN, JJ., concur.

PARKER, J., concurs in the result.