[No. 19321. Department Two. July 13, 1925.]

VINCENT C. BEACH, *as Administrator of the Estate of Maybelle Beach, Deceased, Respondent,* v. PACIFIC NORTHWEST TRACTION COMPANY, *Appellant.*[1]

STREET RAILROADS (18)—INJURY TO PERSON NEAR TRACK—NEGLIGENCE—EVIDENCE—SUFFICIENCY. A person, struck and killed while waiting on an interurban platform, is guilty of contributory negligence as a matter of law, in taking her position on the platform where she could plainly see the approaching car, notwithstanding it was exceeding the speed limit and sounded no warning of its approach.

SAME (22)—INJURY TO PERSON ON OR NEAR TRACKS—PROXIMATE CAUSE—EXCESSIVE SPEED. The excessive speed of an interurban car is not alone sufficient to create liability for the death of a person, struck while standing on the platform, unless it was shown to be the proximate cause of the accident.

Appeal from a judgment of the superior court for King county, Tallman, J., entered December 9, 1924, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Reversed.

*James B. Howe, Hugh A. Tait,* and *J. A. Coleman,* for appellant.

*John F. Dore,* for respondent.

MITCHELL, J.—Vincent C. Beach has sued, as administrator of the estate of his deceased wife, to recover damages for her death, alleged to have been caused by the negligence of the Pacific Northwest Traction Company, a corporation. The answer was a denial of negligence and an affirmative plea of contributory negligence. The defendant has appealed from a judgment for the plaintiff on the verdict of the jury.

The appellant operates an interurban railway between Everett and Seattle. Within the city limits of Seattle, its cars are run on street car tracks owned by

[1]Reported in 237 Pac. 737.

the city on Westlake avenue. On a stormy evening, after dark, Mrs. Beach was struck by a passing interurban car at or near a passenger platform on the avenue, causing injuries from which she died two days later. It may be said that at this place the avenue runs north and south. The platform, about five feet wide, is immediately on the west side of the westerly street car track on which the interurban car going south was being operated. The platform was built and is maintained in connection with the service of the city's street car system only. It is not used by the appellant. Its surface is about level with the top of the rails of the street car tracks. The street car tracks are laid on a dirt and gravel roadbed, are all exposed, and the portion of the avenue occupied by them is not intended for other uses. Immediately to the west of the platform, the avenue is paved in two strips, one being used by north bound and the other by south bound vehicle traffic. Approaching the platform from the north, the car tracks are straight for a distance of three hundred to five hundred feet, according to the estimates of the witnesses. The scene of the accident was not strange to the decedent. At the time of the accident, she and her mother were at the platform to take a street car south to another part of the city.

The several allegations of negligence made in the complaint, and as the case was given to the jury, were: (1) The failure to have on the interurban car any light visible in advance of it; (2) failure to give or sound any horn, gong or other warning of the approach of the car; (3) failure to give notice or warning to persons standing on the platform of the fact that the car in passing overhung the platform about two feet; and (4) that the car was operated at an excessive and unlawful rate of speed. In considering the case we ig-

nore the account on behalf of the appellant as to how the collision occurred, where the deceased was at the time it happened, and the reasonable speed of the car, decidedly unfavorable to the respondent. The conclusion we reach requires that only the evidence most favorable to the respondent, together with that which is wholly undenied, be considered.

On behalf of the respondent, there were only two witnesses who testified as to the manner of the happening of the accident. One, the mother, said she and the decedent were on the platform to take a street car to another part of the city when the accident occurred. She did not testify as to the speed of the car or of the lights on it, nor as to the size of the car or the direction it was going, nor did she testify as to whether or not any bell or gong was sounded by the car as it approached and passed the platform. The other witness, employed at a gasoline service station across the avenue at a point fifty feet south of the platform, saw the accident. He went over to the scene when the interurban car stopped. He testified he saw one or two women on the platform just before the accident. He estimated the speed of the interurban car to have been thirty-five to forty miles an hour (such speed was excessive according to an ordinance of the city). He described the street car tracks running from the north, to the effect that there was a crossing of a steam railroad spur track about one hundred and fifty to two hundred and fifty yards north of the platform, from that crossing for a distance of about fifty yards there was a curve in the street car tracks. Then, speaking of the interurban car, he said: "I saw this car all the way from the time it came in sight around the curve. The light of the car was all I saw." He was not asked, nor did he testify as to whether the car gave any warn-

ing by bell or gong. On the part of the appellant, there was uncontradicted testimony that in approaching the platform the gong of the car was sounded two or three times. . It was sounded after passing the spur track and again immediately before the accident. It was further testified to, without contradiction, that there were sixty forty-candle power lights inside the body of the car, all of which, together with the headlight and side-light, were burning.

Upon the charge of negligence that the appellant failed to give notice or warning that its car overhung the platform, it is unnecessary to discuss this phase of the case. The decedent was familiar with the situation. The location of the tracks with respect to the platform was necessarily plainly to be seen under the light of the approaching car, while as to the overhang of the car, that is of itself no proof of negligence. The principle involved is the same as that discussed in the case of *Leftridge v. Seattle,* 130 Wash. 541, 228 Pac. 302, wherein it was said:

"This court has already held that, as a matter of law, a pedestrian is guilty of contributory negligence who places himself in danger from the overhang of a car, and that ordinary prudence requires pedestrians to take notice that there is an overhang to an ordinary street car rounding a curve. *Gannaway v. Puget Sound Tr., L. & P. Co.,* 77 Wash. 655, 138 Pac. 267."

The operator of such a car cannot be charged with negligence if he acts, as he has the right to do, on the theory that a person exercising ordinary prudence is required to take notice of the overhang of a car operating on a straight track as well as when rounding a curve.

The excessive speed at which the car was run was not of itself sufficient to create any liability. In the

case of *Burlie v. Stephens,* 113 Wash. 182, 193 Pac. 684, we said:

"But if it should be conceded that, at the time of the collision, the automobile was traveling at the rate of twenty miles per hour, and that such speed was in violation of the state laws and city ordinance, yet there is not a word of testimony showing, or tending to show, that the speed of the car had anything to do with the collision. The record shows that the collision would have occurred whether the automobile was traveling at the rate of ten miles or of thirty miles an hour."

And in the case of *Beeman v. Puget Sound Traction, L. & P. Co.,* 79 Wash. 137, 139 Pac. 1087, we said:

"To hold otherwise, would be to relieve a pedestrian of all duty, and hold the defendant guilty solely because it had exceeded the speed limit; whereas, the law is that, although the car may have been operated in excess of the speed limit, defendant would not be liable unless such excess of speed was the proximate cause of the injury."

At the trial the rights of the respondent were seasonably challenged by a motion for a nonsuit, a request for a directed verdict, and a motion for judgment notwithstanding the verdict, each of which was well taken.

Reversed, with directions to enter judgment in favor of the appellant.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and HOLCOMB, JJ., concur.