[No. 19911. Department One. December 21, 1926.]

JESSYE VIOLA WOODRUFF, *as Administratrix, Appellant,* v. CITY OF SEATTLE, *Respondent.*[1]

[1] STREET RAILROADS (18)—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE — EVIDENCE — SUFFICIENCY. A passenger alighting from a street car is guilty of contributory negligence as a matter of law in walking back around the rear of the car upon the tracks of a parallel line, and colliding with a passing car without having stopped to look or take any precautions.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered November 25, 1925, upon granting a nonsuit, dismissing an action in tort. Affirmed.

*Henry J. Gorin* and *George E. Mathieu,* for appellant.

*Thomas J. L. Kennedy* and *Geo. A. Meagher,* for respondent.

¹Reported in 251 Pac. 559.

MITCHELL, J.—The city of Seattle operates a double track street car railway on Fourteenth avenue, N. W. The avenue is intersected at right angles by West Fiftieth street. Outbound cars run northerly on the east track and inbound cars run southerly on the west track. On October 25, about six o'clock in the afternoon, Warren H. Woodruff was a passenger on one of the outbound street cars, commonly called a one-man street car, that stopped at West Fiftieth street, the front platform used by patrons being upon the walkway crossing Fourteenth avenue, N. W. Mr. Woodruff and another passenger got off the car on the east, or right hand, side. He walked towards the rear of the street car, the street car moved forward, and then he walked west behind the moving car and was struck by the left front corner of an inbound street car, causing injuries from which he died.

[1] This action was brought by the administratrix of his estate for damages alleging that the death was caused by the negligence of the city in the operation of its inbound street car. The city denied negligence and alleged contributory negligence on the part of the deceased. On the trial before a jury, at the close of the plaintiff's case, the court held, upon the defendant's motion, that the deceased was guilty of contributory negligence as a matter of law, granted the motion and dismissed the action. The plaintiff has appealed.

In our opinion the judgment was right. The deceased lived in the neighborhood and was familiar with the place and the operation of the street cars. The streets were straight. There were no vehicles on the streets in the vicinity other than the two street cars, nor were there any pedestrians other than the deceased and two others. Both street cars were lighted. Only

two witnesses testified concerning the conduct of the deceased. One, a woman, who followed him closely out of the street car and around it until he was struck, testified that, on getting out of the car,

"I turned around facing the south; I turned around fast; I did not stop any in turning around. Q. As soon as the car got by you, so that you could proceed west, immediately you proceeded west right behind the north bound car? A. Yes."

As to the position of the north bound car at that time she testified:

"Q. How far had the car gone from which you alighted when you started to turn around the rear, had it cleared the crossing? A. Just the rear end of it was on part of the crossing like".

The other witness, whose crossing Fourteenth avenue, N. W., had been intercepted by the approach of the north bound car and who was behind the woman, testified:

"Q. And as the north bound car went up by you, why you walked around it? A. We proceeded to go on. Q. Then, as you proceeded around the rear end of that car, did you look again? A. I looked as she passed and all of a sudden I happened to see this other car coming down. By that time, it was done so sudden that neither of us had time to think what happened when I saw Mr. Woodruff hit."

In our opinion the facts in this case are controlled by our decisions. In *Stueding v. Seattle Electric Co.*, 71 Wash. 476, 128 Pac. 1058, a case which as to its controlling features was strikingly similar to the present one, we said:

"This court, in harmony with many other courts, has taken the view that it is not ordinarily negligence *per se* for a traveler to fail to 'stop, look, and listen' before crossing a street car track. But it has never

held that he may go upon a street car track where the conditions are such as to suggest grave danger without taking any precautions whatever for his own safety.''

Still further in that case, relying upon cases cited from other jurisdictions, it was said:

''It has been held in other jurisdictions with seemingly unanimity that one who passes behind a standing street car where there is a parallel track, without using his senses, will not be allowed to recover if he is injured by an approaching car. The same rule obtains where the traveler takes observations from a point where he knows that his view is restricted and then heedlessly passes into the zone of danger.''

The same rule was applied in *Deets v. Tacoma Railway & Power Co.*, 128 Wash. 210, 222 Pac. 480, where a pedestrian, passing quickly in front of an automobile onto a street railway track without taking any precaution to ascertain whether a street car was approaching, was injured.

Judgment affirmed.

TOLMAN, C. J., MAIN, FULLERTON, and HOLCOMB, JJ., concur.