[No. 20194. Department One. May 12, 1927.]

FRED WILLIAM MACHENHEIMER, *by his Guardian ad litem Fred William Machenheimer, Appellant,* v. R. FALKNOR *et al., Respondents.*[1]

[1] HIGHWAYS (52, 58)—NEGLIGENT USE OF MOTOR VEHICLES—QUESTION FOR JURY. The negligence of the driver of a school bus, stopping on the wrong side, to let children out in the center of a much traveled narrow road, and of the driver of an automobile passing such a bus without warning or paying any attention to whether the children were alighting, are questions for the jury.

[2] SAME (52, 58)—CONTRIBUTORY NEGLIGENCE OF CHILD. A school boy, run over by a passing automobile after alighting from a school bus, is not guilty of contributory negligence, as a matter of law, where he looked for coming traffic upon stepping down, and saw the car standing one hundred feet away, and after walking behind the bus, leaned over and again looked, when he was immediately struck by the car.

Appeal from a judgment of the superior court for Clallam county, Frater, J., entered April 3, 1926, in

[1]Reported in 255 Pac. 1031.

favor of the defendants, notwithstanding the verdict of a jury in favor of the plaintiff, in an action for personal injuries. Reversed.

*Griffin & Griffin,* for appellant.

*T. F. Trumbull* and *John M. Wilson,* for respondent School District.

*E. C. Dailey* and *A. E. Dailey,* for respondents Falknor.

MITCHELL, J.—This is a personal injury case brought by Fred William Machenheimer, Jr., by his guardian *ad litem* against R. Falknor and wife and School District No. 314 of Clallam county. In the complaint it was alleged that the injuries were caused by the negligence of the defendants. The allegations were put in issue by separate answers of the defendants, which affirmatively alleged contributory negligence. The jury returned a verdict for the plaintiff against all of the defendants. Falknor and wife and the school district each filed a motion for judgment notwithstanding the verdict. The school district filed a motion for a new trial. The motions for judgment notwithstanding the verdict were granted. The plaintiff has appealed from a judgment of dismissal.

[1] Many of the essential facts as to how the accident happened are in dispute, but upon the whole case there was substantial evidence in support of the verdict as follows: The accident occurred on the Olympic Highway about half past four o'clock on the afternoon of September 16, 1925. The boy at that time was thirteen years and four months of age, and that afternoon was a passenger on a school bus operated by the school district. The bus, going east, stopped at a small shed or station provided for the school children. Close by that point, a roadway runs from the south into the

Olympic Highway. The Olympic Highway is forty feet wide, the traveled part of it being sixteen feet wide. To let off five or six children, the bus stopped very near the center of the traveled portion of the highway, the wheels on the left side of the bus being well over on the left side of the center of the road. The bus was seven feet six inches wide. Appellant's home was on the left hand or northerly side of the road some three hundred or four hundred feet beyond the waiting station.

Fred, about the last of the children who got off at the station, left the bus through a door on the right side near the front. He testified that, after he arose and before going out of the bus, he looked eastward and noticed an automobile that was not in motion some three hundred feet ahead near his home. Upon leaving the bus, he walked along the side of it towards the rear chatting a moment with one of the boys in the bus, looked again towards the east, and saw no moving traffic, then passed on to and around the rear of the bus, looked around the rear left-hand corner of it towards the east, and was immediately struck by a touring car owned and driven by respondents Falknor and wife— the same automobile that, a few moments before, Fred had noticed motionless some three hundred feet ahead of the bus. The automobile passed the bus by having to drive with its right-hand wheels off the right-hand or northerly side of the traveled portion of the road. The boy was knocked ten or fifteen feet, the automobile stopped about thirty feet beyond the point of collision, skidding some fifteen feet or more on the gravel roadway. Some of the witnesses said the automobile was going fast. No attempt was made by Falknor to slacken speed as he was passing the bus from which children were alighting, and there is ample testimony

that he did not give any warning of his approach and passing the school bus. Neither did the driver of the bus give any signal or warning to the children of the approaching automobile, in fact the driver of the bus did not notice it until it was within thirty or forty feet of the bus. The bus remained in its position five or ten minutes after the accident in such position with reference to the traveled portion of the highway and of the ground on each side of it that during that period, as testified to by some of the witnesses, three automobiles going east, the same way the bus was headed, passed the bus on its right-hand side rather than go on the left of it. Respondent Falknor testified that his touring car, occupied by himself and wife, was stopped for a while to change drivers about three hundred feet before reaching the point of the accident. In further testifying, he admitted that he knew of no reason for the bus stopping except to let off the children, and that he did not know or pay any attention to whether the children had crossed the road or not.

This case must be decided upon the facts peculiar to it, and we think there was sufficient evidence to establish against each of the respondents negligence contributing proximately to the accident. Upon behalf of the school district, it is claimed that its obligations ceased when Fred stepped out of the bus onto the ground without being injured. It cannot lawfully set down or permit the children to get off, with one side of the bus beyond the middle of a narrow traveled way on a popular highway without any warning or precaution for the safety of the children and escape the charge of negligence to be submitted to a jury under proper instructions by the court. In *Gannaway v. Puget Sound Tr., L. & P. Co.*, 77 Wash. 655, 138 Pac. 267, cited by respondents, the passenger was of mature years and

had safely landed on a passenger platform. *Leftridge v. Seattle,* 130 Wash. 541, 228 Pac. 302, also cited by them, discussed the question of contributory negligence on the part of the person injured who was of mature age; and in *Beach v. Pacific Northwest Traction Co.,* 135 Wash. 290, 237 Pac. 737, a grown person standing on a passenger platform was struck by a well lighted car as it approached her in plain view.

The school district also calls our attention to the case of *Lindgren v. Puget Sound Internat. R. & P. Co.,* 142 Wash. 546, 253 Pac. 791. That, too, was a case of a grown person leaving an interurban at an unusual stopping place in the street, who was injured by an approaching automobile plainly to be seen by him on the same side of the interurban. The court followed the rule formerly announced that the relation of carrier and passenger ended upon one alighting in a street from such a train "in the absence of any unusual inherent danger, defect or obstruction in the place of alighting." But the rule in that case cannot be extended to cover this one, because children will be children, where the school bus in the center of a much traveled highway at a point intersected by another road lets the children out in the middle of the highway without any warning, to go as their fancy dictates, and one of them is injured in a few feet of the corner of the bus. That is, it cannot be so held as a matter of law, but must be left to the jury. Under the evidence in this case we think, as already stated, that the question of negligence of Falknor and wife was also for the jury.

[2] Charging the appellant with contributory negligence our attention is called to the case of *Woodruff v. Seattle,* 141 Wash. 360, 251 Pac. 559. That was a case of a grown person alighting from and rapidly passing along the side and around the rear end of a

street car who was immediately struck and killed by
another car coming from the opposite direction. But
in that case the record showed the man took no precau-
tion whatever for his safety. Here, Fred did take some
precautions. He looked upon leaving the bus and saw
no moving traffic approaching, and in this it must be
held that he is corroborated by Falknor who testified
that at about that time his automobile was still for the
purpose of changing drivers. The boy looked again
as well as he could in going around the bus, and pass-
ing the rear end "three or four feet back and I bent
over and looked out to see if there was any car coming,
and it seemed I was run over right away." This case
is more like *Romano v. Short Line Stage Co.,* 142
Wash. 419, 253 Pac. 657, which was a case of a school
boy being injured by an approaching stage upon his
alighting from and going around a school bus. The
opinion states:

"At the time of the accident, Joe Romano and his
younger brother got off the front of the bus, walking
along the bus to its rear for the purpose of crossing
behind it to the other side of the road. Arriving at the
rear, Joe jumped over a small mud puddle, taking one
or two steps until he came to the end of the bus. Just
as he emerged from behind the bus the stage struck
him, resulting in his death a few hours later."

It was held that the charge of contributory negli-
gence was for the jury. And while in that case the
record was silent upon the question of what precau-
tions, if any, the deceased took respecting his safety,
and the presumption of due care was applied, the re-
sult in that respect does not differ from the present
case where there was positive and direct proof of care
and precaution taken by Fred, respecting his safety,
entirely sufficient to prevent it from being held as a
matter of law that he was guilty of contributory negli-

gence.   The question of his contributory negligence was a question of fact to be submitted to the jury.

Both motions for judgment notwithstanding the verdict should have been denied.   Reversed, and remanded with instructions to the superior court to deny both motions for judgment notwithstanding the verdict and to enter judgment on the verdict against Falknor and his wife, they not having filed any motion for a new trial; and with the further direction to the superior court to pass on the motion for a new trial interposed by the school district.

MACKINTOSH, C. J., FULLERTON, FRENCH, and MAIN, JJ., concur.