[No. 21218. Department Two. November 30, 1928.]

MARY HEVA, *Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

[1]Reported in 272 Pac. 41.

*Thomas J. L. Kennedy* and *Hugh R. Fullerton,* for appellant.

*Baxter, Jones & Hughes,* for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries. The defendant denied liability and pleaded affirmatively contributory negligence on the part of the plaintiff. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $450. Motions for judgment notwithstanding the verdict and, in the alternative, for a new trial were made, both of which were overruled. Judgment was entered upon the verdict, from which the defendant appeals.

The facts may be summarized as follows: The accident out of which the litigation grew happened on June 9, 1927, at about five o'clock p. m., at the intersection of First avenue and Union street in the city of Seattle. First avenue extends north and south, and Union street east and west. Upon both streets there are street car tracks. To the west of the west rail of the west track on First avenue, as it approaches the intersection, there is what is called a safety zone for persons who desire to board street cars. The west boundary of the safety zone is indicated by steel buttons attached to the pavement. At the intersection of the two streets mentioned, there is an automatic traffic signal showing green and red lights alternately. The traffic moves with or against the green light, but is not permitted to move against the red light.

The respondent, desiring to go to her home, stood at the northwest corner, upon the sidewalk, of the two streets mentioned, waiting for the street car, which she usually took, to come along. She saw the car approaching from the north on First avenue, then walked from the sidewalk to the safety zone. The car ap-

proached and stopped. The red signal light was showing. The space between the safety zone and the sidewalk was immediately filled with automobiles waiting for the green light, in order that they might move on down the street. After the street car stopped two or three passengers alighted therefrom, and two passengers boarded the car immediately in front of the respondent.

As the respondent attempted to board the car and after she had placed her foot upon the step, the motorman, who was immediately opposite the entrance, it being a one man car, closed the gates, and the car started at the same time against the red light. The respondent testified that as the gates closed her foot was squeezed from the step. The car turned to go east on Union street, as the respondent knew it would do. She also knew that as it made the turn the overhang of the car at the rear would sweep the safety zone. Immediately when the gates were closed against her, she turned and faced west for the purpose of finding a way from the safety zone and across to the sidewalk. The space, however, was so filled with automobiles that she could not get across between them. The overhang of the car immediately struck her, knocked her down and she fell upon one of the safety buttons and sustained the injury for which she sought recovery in this action. The motorman testified that he did not see the respondent at all, and did not know that she was attempting to board the car.

The appellant first contends that the respondent was guilty of contributory negligence, because she did not exercise reasonable care to avoid the overhang of the car as it swept the safety zone. A pedestrian is guilty of contributory negligence who places himself in danger from the overhang of a street car, and ordinary prudence requires a pedestrian to take notice

of such overhang of an ordinary street car as it rounds a curve. *Gannaway v. Puget Sound Tr., L. & P. Co.,* 77 Wash. 655, 138 Pac. 267; *Leftridge v. Seattle,* 130 Wash. 541, 228 Pac. 302.

That rule, however, is not applicable in all cases. Here the jury had a right to find that the respondent, through the negligent act of the motorman, was placed in a position of danger from which by the exercise of reasonable care she could not extricate herself. It may be that, had she moved rapidly either to the north or to the south, she could have avoided the overhang. She had to act immediately and in the confusion of the moment was seeking a way out between the automobiles. If she erred in judgment under the circumstances, it would not be contributory negligence, as a matter of law. In *Reed v. Tacoma R. & P. Co.,* 117 Wash. 547, 201 Pac. 783, it is said:

"It will not do to say that, simply because her judgment proved to be bad, she did not act as a reasonably prudent person would have acted under the circumstances. One may be mistaken as to the best course to pursue, without being guilty of negligence as a matter of law."

It must be borne in mind that the jury had a right to find that the respondent was placed in the place of peril through the negligence of the motorman. Being in imminent danger, an emergency was presented, and whether under this emergency the respondent acted with due prudence, is a question of fact for the jury. *Lindstrom v. Seattle Taxicab Co.,* 116 Wash. 307, 199 Pac. 289. The case of *Gannaway v. Puget Sound Tr., L. & P. Co., supra,* differs from the one now before us in that there the plaintiff placed himself in the position of danger from the overhang of the car.

The respondent was not guilty of contributory negligence, as a matter of law, and the question was one for the jury.

The appellant complains of instructions numbers 5 and 6 which the court gave the jury. Instruction number 5 does not state that the respondent had become a passenger, as a matter of law, but submitted that question to the jury. In 10 C. J., p. 617, it is said:

"A person becomes a passenger of a street car as soon as he has set his foot on the step or running board, in the act of getting into the car, after it has stopped, with the intention of becoming a passenger."

The instruction given was in accordance with this declaration of the law and was proper. The question whether the motorman saw, or by the exercise of reasonable care should have seen, the respondent, was left to the jury by the instruction. The cases of *Foster v. Seattle Electric Co.*, 35 Wash. 177, 76 Pac. 995, and *Woodman v. Seattle Electric Co.*, 42 Wash. 406, 85 Pac. 23, are different in that in those cases there was no evidence that the conductors either saw or should have seen that the plaintiffs desired to become passengers. Here, as already stated, the jury had a right at least to draw the inference that the motorman in the exercise of reasonable care should have seen that the respondent was attempting to board the car.

Instruction number 6 in all material particulars is the same as instructions which were approved by this court in the cases of *Jordan v. Seattle, Renton etc. R. Co.*, 47 Wash. 503, 92 Pac. 284, and *Fleming v. Red Top Cab Co.*, 133 Wash. 338, 233 Pac. 639.

The judgment will be affirmed.

FULLERTON, C. J., PARKER, ASKREN, and FRENCH, JJ., concur.