[No. 22555. Department One. December 23, 1930.]

MARY HOLM, *Respondent*, v. THE CITY OF SEATTLE, *Appellant*.[1]

*A. C. Van Soelen, C. C. McCullough,* and *Douglas D. Mote,* for appellant.

*Warren Hardy, Will G. Beardslee, John F. Garvin,* and *R. L. Ganzans,* for respondent.

MAIN, J.—This action was brought to recover damages for personal injuries. The cause was tried to the court and jury, and resulted in a verdict in favor of the plaintiff in the sum of one thousand dollars. The defendant moved for judgment notwithstanding the verdict, or in the alternative for a new trial, both of which were overruled, and judgment was entered upon the verdict. From this judgment defendant appeals.

[1]Reported in 294 Pac. 261.

The facts essential to be stated are these: The appellant owns and operates a double-track street railway system. The different routes through the city bear designated names. Upon this appeal we are concerned with two lines known, respectively, as the "Cowen Park" and "Ravenna" lines. The cars are so marked. They run over the main-line tracks northerly and northeasterly from the central section of the city. When the Cowen Park cars reach a point near Cowen park, they leave the main-line track, turn to the right a block, then turn to the left a block, and come to a sharp curve. They pass around this curve and return down town on the main-line track. This curve is known as the "Cowen Park Loop."

The respondent, June 7, 1929, intending to take a Ravenna car at the postoffice down town, by mistake boarded a Cowen Park car. She did not know that she had taken the wrong car until it came to the Cowen Park Loop and started to turn to the right. She then got a transfer for a Ravenna car. The car upon which she was riding came to a stop on the curve above mentioned, and she alighted at the rear end of the car after the conductor had opened the gates for her to do so. She testified that, immediately upon her alighting, and before she had time to move away from the car, it started and she was caught by the overhang of the rear end as it rounded the curve. The appellant's witnesses testified that there was another car standing on the curve in front of the one from which the respondent alighted, and that after she alighted she walked forward near the car upon which she had been a passenger and was walking by the side of the forward car when it started, and she was caught or struck by the overhang of the rear end. Had the respondent, after leaving the car, gone in the direction of the place where she would take the outbound Ravenna car, she

would not have proceeded along the side of either one of the cars on the curve, if there were two.

The question upon this appeal is whether there was sufficient evidence to sustain the verdict of the jury. If the respondent's testimony is to be believed, there was substantial evidence from which the jury had a right to find that, as she alighted from the car upon which she had been a passenger, and before she had time to get out of danger, the car started and she was caught by the overhang. If the evidence offered by the appellants is to be believed, the respondent had placed herself voluntarily in the place of danger, and she would not be entitled to recover. The question was one of fact for the jury to determine.

In *Heva v. Seattle,* 150 Wash. 61, 272 Pac. 41, it was held that a pedestrian, prevented from entering a street car by the shutting of the gate, was not guilty of contributory negligence as a matter of law in not escaping from the overhang of the car sweeping over the safety zone as the car started to turn, where her way was blocked by automobiles between the curb and safety zone. It was there said:

"A pedestrian is guilty of contributory negligence who places himself in danger from the overhang of a street car, and ordinary prudence requires a pedestrian to take notice of such overhang of an ordinary street car as it rounds a curve. *Gannaway v. Puget Sound Tr., L. & P. Co.,* 77 Wash. 655, 138 Pac. 267; *Leftridge v. Seattle,* 130 Wash. 541, 228 Pac. 302.

"That rule, however, is not applicable in all cases. Here the jury had a right to find that the respondent, through the negligent act of the motorman, was placed in a position of danger from which by the exercise of reasonable care she could not extricate herself."

While the facts in that case are different from those in the case now before us, the rule there stated is applicable here, because, if the respondent's evidence is

to be believed, she was injured before she had time to withdraw from the place of danger. There are no physical facts in this case which would overcome the testimony of respondent, and the fact that five or six witnesses testified in support of the appellant's theory of the case does not destroy the testimony of the respondent. The jury had a right to, and they evidently did, believe it.

The judgment will be affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and HOLCOMB, JJ., concur.