BOND E. BURNETT, *et al.,* v. J. J. ALLEN.

154 So. 515.
Opinion Filed April 4, 1934.
Petition for Rehearing Denied May 18, 1934.

Francis B. Winthrop, W. J. Oven and James Messer, Jr., for Plaintiff in Error;

Guyte P. McCord, for Defendant in Error.

BUFORD, J.—The writ of error brings for review a judgment entered in favor of defendant on demurrer sustained to both counts of an amended declaration. The first count of the declaration we hold states a cause of action but the second count appears to be more specific and certain in its allegations. The declaration was in the following language:

"1st. For that in Leon County, Florida, on to-wit, April 5, 1932, the said defendant J. J. Allen was then and there employed by J. W. Collins, W. A. Register and W. F. Yarborough, composing the Board of Public Instruction of Leon County, Florida, to furnish, provide and drive a certain school bus over the public roads in Leon County, Florida, to-wit, a certain road known as Jackson Bluff Road and also known as State Road No. 19, for the purpose of transporting school children to and from a certain public school located in the western part of Leon County, Florida, known and designated as Fort Braden School.

"That the purpose of said employment was to furnish said bus and therewith to transport children attending said school in said County of Leon from some practical point

on the public highway reasonably near their place of residence in the rural sections of the County to the said public school of the county attended by said children, to-wit, Fort Braden School, and thence from the said school back to a reasonably safe point of delivery on said highway so that each child could safely reach his or her place of residence.

"That while so engaged under his said undertaking as aforesaid, it became and was the duty of the said defendant to so conduct himself that he would be at all times in the complete possession and utmost control of all of his faculties to the end of properly handling the vehicle in which he transported the said children for the purpose for which he was employed by the said Board of Public Instruction of Leon County, Florida, and safely depositing them. And it also became and was the duty of the said defendant to so furnish, keep and maintain the said vehicle or school bus so used, engaged and employed that it would be at all times reasonably safe for the transportation of the children to be transported by the defendant to the end that there would be no danger to the life or limb of the child or children so transported, while being transported, by falling or getting out, while the said bus was in motion, or at a point or place not reasonably safe for the child or children to be deposited on the return trip of said child or children from said school. And it was also the duty of the said defendant to see that the children consigned to his care for transportation under the undertaking engaged in by him, to-wit, the transportation of children by him as a school bus driver for the said Board of Public Instruction of Leon County, Florida, were severally deposited by him in a safe way and at a safe place and at a time when his vehicle was not in motion so as to accomplish the safe delivery of each of said children at a

point of safety on the highway where they could each proceed safely therefrom to their home.

"That while the said defendant was so engaged and acting as a driver of a certain school bus, as aforesaid, on, to-wit, the 5th day of April, A. D. 1932, the plaintiff, Bond E. Burnett, a minor of the tender age of, to-wit, seven years' of age, and the son of H. L. Burnett, was residing with his parents in Leon County, Florida, and was a student duly enrolled and in attendance upon said public school in Leon County, Florida, and was as such student then and there being transported from the said school which he then attended to a point on the Jackson Bluff Road (being also State Road No. 19), to a point at which he was usually picked up and deposited.

"That the said defendant on said date, in the performance of his engagement as aforesaid, while transporting the said Bond E. Burnett on said route and at said time, pursuant to defendant's duty as a school bus driver, having the custody and care of children of tender age, so negligently performed and carried out his duty in the transportation of the said child so consigned to his care, in this, to-wit, that he, the said defendant, became and was at and immediately prior to the occasion hereafter mentioned intoxicated to the extent that he could not and did not safely transport said children with reasonable care and caution, as was required of him by law, but upon the contrary, because of his intoxication, negligently permitted the said Bond E. Burnett to get out of the said school bus while the same was in motion and by reason of said negligence enabled the said Bond E. Burnett to attempt to cross from the right side of the public road on which he got from out of said school bus to the opposite side of the said public road at a dangerous time and place, to-wit, a place where a log truck was

approaching the said school bus (the said school bus at the time being traveling west and the said log truck at the time traveling east at a speed of 15 miles an hour). Whereby as a result of the negligence of the said defendant as aforesaid, the said Bond E. Burnett, without fault or negligence on his part, was stricken down with such force and violence by the said log truck and the said Bond E. Burnett, as the proximate result of the negligence aforesaid of said defendant, thereby sustained certain injuries, to-wit, both of his thighs were broken, one rib was injured, and he was confined to a hospital some six weeks and became and was permanently injured and has undergone great physical pain and suffering by reason of being injured and bruised, and because of the weakness of his limbs, because of the injuries aforesaid, he, the said Bond E. Burnett, lately fell and one of his hips was broken a second time.

"Wherefore, the plaintiff sues and claims $10,000.00 damages.

"2nd. For that in Leon County, Florida, on to-wit, April 5th, 1932, the said defendant, J. J. Allen, was then and there employed by J. W. Collins, W. A. Register and W. F. Yarborough, composing the Board of Public Instruction of Leon County, Florida, to furnish, provide and drive a certain school bus over the public roads in Leon County, Florida, to-wit, a certain road known as Jackson Bluff Road and also known as State Road No. 19, for the purpose of transporting school children to and from a certain public school located in the western part of Leon County, Florida, known and designated as Fort Braden School.

"That the purpose of said employment was to furnish said bus and therewith to transport children attending said school in said County of Leon from some practical point on the public highway reasonably near their place of residence

in the rural sections of the County to the said public school of the county attended by said children, to-wit, Fort Braden School, and thence from the said school back to a reasonably safe point of delivery on said highway so that each child could safely reach his or her place of residence.

"That while so engaged under his said undertaking as aforesaid, it became and was the duty of the said defendant to so conduct himself that he would be at all times in the complete possession and utmost control of all of his faculties to the end of properly handling the vehicle in which he transported the said children for the purpose of which he was employed by the said Board of Public Instruction of Leon County, Florida, and safely depositing them. And it also became and was the duty of the said defendant to so furnish, keep and maintain the said vehicle or school bus so furnished, used, engaged and employed that he would at all times have control of the entrance and exit of the children being transported, to and from the same, and so that it would be at all times reasonably safe for the transportation of the children to be transported by the defendant, to the end that there would be no danger to the life or limb of the child or children so transported, while being transported, by falling or getting out while the said bus was in motion, or at a point or place not reasonably safe for the child or children to be deposited on the return trip of said child or children from said school. And it was also the duty of the said defendant to see that the children consigned to his care for transportation as a school bus driver for the said Board of Public Instruction of Leon County, Florida, were each severally deposited by him in a safe way and at a safe place and at a time when his vehicle was not in motion so as to accomplish the safe delivery of each of said

children at a point of safety on the highway where they could each proceed safely therefrom to their home.

"That while the said defendant was so engaged and acting as the driver of a certain school bus, as aforesaid, on to-wit, the 5th day of April, A. D. 1932, the plaintiff, Bond E. Burnett, a minor of the tender age of, to-wit, seven years of age, and the son of H. L. Burnett, was residing with his parents in Leon County, Florida, and was a student duly enrolled and in attendance upon said public school in Leon County, Florida, and was as such a student then and there being transported from the said school which he then attended to a point on the Jackson Bluff Road (being also called State Road No. 19), to the point at which he was usually picked up and deposited.

"That the said defendant, on said date, in the performance of his engagement in the transportation of the said Bond E. Burnett, on said route and at said time pursuant to defendant's duty as a school bus driver, having the care and custody of children of tender age, so negligently performed and carried out his duty in the transportation of said children so consigned to his care, in this, to-wit, that he, the said defendant, failed to keep and maintain the said school bus in such a condition and state of repair as to give him, the said defendant, at all times, the control of the exit from, and entrance to said school bus by the school children, which it became his duty to transport, in that he, the said defendant, permitted the wire screening or grating with which said school bus was protected to prevent injury to all the children by extending their arms through the same or getting out of the same while in motion to become in such a bad state of repair that any student therein could, at any time, by placing his hands through the defective grating or screening open the rear door of said school bus

and alight at will, whether the same was in motion or not, and the plaintiff says that on said date and at said time, while the said Bond E. Burnett was being transported in said school bus, another student therein, because of the defective condition of said school bus, threw open the said door and the said Bond E. Burnett alighted from the said school bus while the same was in motion, and, having alighted therefrom, did attempt to cross from the side of the public road on which he got from out of said school bus to the opposite side of said public road at a dangerous time and place, to-wit, a place where a log truck was without knowledge of said Bond E. Burnett, approaching the said school bus (said school bus at the time being traveling west and said log truck at the time traveling east at a speed of 15 miles per hour), whereby as a result of the failure of the said defendant to use proper care and caution in the maintenance of said school bus so that the said rear door could not be opened by students without the will and consent of the operator of said bus, as was required of him by his engagement in the transportation of said school children and the proper supervision of them as to the manner, point and place of alighting, he, the said Bond E. Burnett, without fault or negligence on his part, was stricken down with such force and violence by the said log truck, and he, the said Bond E. Burnett, thereby sustained certain injuries, to-wit, both of his thighs were broken, one rib was injured, and he was confined to a hospital some six weeks and became and was permanently injured and has undergone great physical pain and suffering by reason of being so injured and bruised, and because of the weakness of his limbs, because of his injuries aforesaid, he, the said Bond E. Burnett, later fell and one of his hips was broken a second time."

By assuming to perform the contract alleged in the dec-

laration, the defendant, by necessary implication, assumed to perform every act, reasonably necessary for the safety of the children entrusted to his care while in transportation, which would include the operation of safely receiving the children into the bus and in superintending and directing their safe exit from the bus and their safe departure from the bus.

The bus driver who contracts to furnish transportation and to transport school children from places at or near their residences to public free school becomes a special contractor for hire and his contract of employment with the Board of Public Instruction becomes a contract with him made by the Board of Public Instruction for the use and benefit of each and every of those persons who are to be transported by him under the contract. As the contract contemplated the transportation of children who are incompetent to be charged with the assumption of risk because of their tender years and inexperience, it likewise contemplates and, by implication at least, binds the person contracting to furnish and conduct the means of transportation to use every reasonable precaution and care for the safety of such children and to prevent any harm or damage coming to them, either in approaching the bus, or while riding in the bus or when alighting from and leaving the immediate proximity of the bus at the completion of their journey, or at any time during the journey. Whether a person so contracting and performing such a contract has used all such reasonable care and caution is a question for the determination of a jury in each case.

It may be that there is some conflict in authorities throughout the country as to the liability of a contracting school bus driver in cases of this character, but we think the weight of authority sustains the above enunciation. See Shannon

v. Central-Gaither Union School Dist. (Cal. App.), 23 Pac. (2nd Ed.) 769, 45 C. J. 702; Marion County v. Cantrell (Tenn. Sup.), 61 S. W. (2nd Ed.) 477, and cases cited; Machenheimer v. Faulkner, 144 Wash. 27, 255 Pac. 1031; Embody v. Cox, 157 Wash. 464, 289 Pac. 44; McQuillan v. City of Seattle, 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799; Phillips v. Hardgrove, et al., 161 Wash. 121, 296 Pac. 559; Cleveland-Akron-Canton Bus Co. v. Walker, 30 Ohio App. 411, 165 N. E. 373; Mayhew v. Ohio Valley Elec. Ry. Co., 200 Ky. 105, 254 S. W. 202.

In Bagdad Land & Lumber Co. v. Boyette, 104 Fla. 699, 140 Sou. 798, we said:

"Children are necessarily lacking in the knowledge of physical causes and effects which is usually acquired only through experience. They must be expected to act upon childish instincts and impulses and must be presumed to have less ability to take care of themselves than adults have. Therefore, in cases where their safety is involved more care is demanded than toward adults and all persons who are chargeable with a duty of care and caution toward them must consider this and take precautions accordingly. When an infant is discovered on or dangerously close to a railroad track reasonable care strictly commensurate with the demands and exigencies of the occasion must be exercised to avoid injuring it."

And cited Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 Sou. 183, and Union Pacific Ry. Co. v. McDonald, 152 U. S. 262, 38 Law Ed. 434.

The many recent and appalling tragedies which have occurred in this and other States by reason of the careless and negligent operation of school buses, all of which are matters of common knowledge, of which this Court may

take judicial cognizance, demonstrate both the wisdom and necessity for the application of the rule herein stated.

While it is not necessary to the disposition of this case, we feel that it is not out of place for us to say that in view of the responsibility which develops upon those persons who contract to furnish and operate school buses, it behooves the respective boards of public instruction when entering into such contracts to carefully consider not only the personal character and cautious disposition of the person to be so contracted with, but also his ability to respond in damages in the event he should become liable therefor by reason of his negligence in the performance of the duties devolved upon him.

The judgment should be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

It is so ordered.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, ELLIS and TERRELL, J. J., concur.