Dewey Pendarvis v. Robert E. Pfeifer, a minor, by E. C. Pfeifer, his next friend.

182 So. 307.
Opinion Filed June 10, 1938.

*John L. Nixon* and *Marks, Marks, Holt, Gray & Yates,* for Plaintiff in Error.

*Evan T. Evans,* for Defendant in Error.

CHAPMAN, J.—This suit is before the Court on writ of error to a verdict and judgment in the sum of $10,000.00

entered in behalf of the plaintiff below due to the negligence of the defendant in operation of a school bus on the public highway of Duval County, Florida. The declaration alleged that while the defendant was operating a school bus and while the plaintiff, a child of eight years of age and a school pupil, was being transported thereby, the defendant negligently controlled the exit from the bus by stopping it on the opposite side of the highway from plaintiff's home; permitted or allowed the bus door to be opened and plaintiff to alight therefrom and attempt to cross the highway at a dangerous time and place, viz.: when a car was approaching said bus, making it dangerous to alight, and plaintiff was struck by an automobile under said circumstances and sustained personal injuries.

The defendant filed a number of pleas to the declaration, some disallowed and others permitted to stand. Those allowed, broadly speaking, are: (a) not guilty; (b) denial that an automobile was approaching at a dangerous time and place; (c) that plaintiff's injuries were due to the negligence of the automobile driver; (d) increased speed of the automobile *after* plaintiff alighted from the school bus; (e) there was no danger from the automobile until after plaintiff's exit from the bus; (f) the bus door was opened without defendant's knowledge or consent; (g) contributory negligence.

The issues thusly tendered were submitted to a jury under appropriate instructions and a verdict for the plaintiff was rendered in the sum of $10,000.00. The court below heard a motion for a new trial, but overruled and denied the same. He ordered a remittitur filed in the sum of $3,000.00 and permitted the entry of a judgment for the plaintiff in the sum of $7,000.00.

The parties to this cause in this opinion will be referred to as they appeared in the lower court, as plaintiff and de-

fendant. Counsel for the defendant assign some thirty-seven errors for reversal, but all of the same in the brief filed are presented and argued under some eleven separate questions. The first question for decision as submitted by counsel is: Is a school bus driver negligent in permitting a child to alight from his bus when an automobile is approaching, if the driver has reason to believe that said automobile will obey the law and stop before attempting to pass the bus? It may be that the above question does not contain or recite a correct statement of facts for us to consider here, but the objective, broadly speaking, is whether or not the negligence alleged in the declaration is actionable. Counsel for plaintiff below cites the case of Burnett v. Allen, 114 Fla. 489, 154 So. 515, to sustain the legal sufficiency of his declaration charging actionable negligence. The facts in the case at bar are very much like those in Burnett v. Allen, *supra.* The declaration contained two counts, the negligence charged in one being: "The defendant furnished and was driving a public school bus while intoxicated and negligently permitted a seven year old pupil to get out of the bus while it was in motion and while crossing the road was struck by an approaching truck"; and the other count charged as negligence "that defendant furnished and drove a public school bus and permitted a wire screen thereon to fall into disrepair whereby a seven year old school pupil reached through the screen and opened the door while the bus was in motion and the pupil alighted and was crossing the road and was injured by an approaching truck." The lower court held that the declaration failed to show actionable negligence. On appeal to this court the judgment of the lower court as reversed and this court, through Mr. Justice BUFORD, said:

"By assuming to perform the contract alleged in the declaration, the defendant, by necessary implication, assumed

to perform every act, reasonably necessary for the safety of the children entrusted to his care while in transportation, which could include the operation of safely receiving the children into the bus and in superintending and directing their safe exit from the bus and their safe departure from the bus.

"The bus driver who contracts to furnish transportation and to transport school children from places at or near their residence to public free school becomes a special contractor for hire and his contract of employment with the Board of Public Instruction becomes a contract with him made by the Board of Public Instruction for the use and benefit of each and every of those persons who are to be transported by him under the contract. As the contract contemplated the transportation of children who are incompetent to be charged with the assumption of risk because of their tender years and inexperience, it likewise contemplates and, by implication at least, binds the person contracting to furnish and conduct the means of transportation to use every reasonabe precaution and care for the safety of such children and to prevent any harm or damage coming to them, either in approaching the bus, or while riding in the bus or when alighting from and leaving the immediate proximity of the bus at the completion of their journey, or at any time during the journey. Whether a person so contracting and performing such a contract has used all such reasonable care and caution is a question for the determination of a jury in each case.

"It may be that there is some conflict in authorities throughout the country as to the liability of a contracting school bus driver in cases of this character, but we think the weight of authority sustains the above enunciation. See Shannon v. Central-Gaither Union School Dist. (Cal. App.), 23 Pac. (2nd Ed.) 769, 45 C. J. 702; Marion

County v. Cantrell, (Tenn. Sup.), 61 S. W. (2nd Ed.) 477, and cases cited; Machenheimer v. Faulkner, 144 Wash. 27, 255 Pac. 1031; Embody v. Cox, 157 Wash. 464, 289 Pac. 44; McQuillan v. City of Seattle, 10 Wash. 464, 38 Pac. 1119, 45 Am. St. 799; Phillips v. Hardgrove, *et al.*, 161 Wash. 121, 296 Pac. 559; Cleveland-Akron Canton Bus Co. v. Walker, 30 Ohio Ap. 411, 165 N. E. 373; Mayhew v. Ohio Valley Elec. Ry. Co., 200 Ky. 105, 245 S. W. 802.

"In Bagdad Land & Lumber Co. v. Boyette, 104 Fla. 699, 140 Sou. 798, we said: 'Children are necessarily lacking in the knowledge of physical causes and effects which is usually acquired only through experience. They must be expected to act upon childish instincts and impulses and must be presumed to have less ability to take care of themselves than adults have. Therefore, in cases where their safety is involved more care is demanded than toward adults and all persons who are chargeable with a duty of care and caution toward them must consider this and take precautions accordingly. When an infant is discovered on or dangerously close to a railroad track reasonable care strictly commensurate with the demands and exigencies of the occasion must be exercised to avoid injuring it.' And cited Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 Sou. 183, and Union Pacific Ry. Co. v. McDonald, 152 U. S. 262, 38 L. Ed. 434."

We have observed the analysis, as made by counsel for the defendant in Burnett v. Allen, *supra,* and the several authroities cited in support of the conclusion reached. Likewise we have considered the following authorities cited: Haase v. Central Union High School Dist., 15 Cal. App. (2nd) 102, 59 Pac. (2nd) 193; Pelfrey v. Snowden, 267 Ky. 432, 102 S. W. 352; Stuckwish v. Hagan Corporation, 316 Penn. St. 513, 175 Atl. 381.

It is contended that plaintiff's injuries were due to negligence of the driver of the approaching automobile and to hold the driver of the bus liable under these circumstances makes him an insurer of the safety of his passengers after his relationship had ceased or ended. It cannot be overlooked that the driver of the bus was under certain duties and obligations to the plaintiff as pointed out in Burnett v. Allen, *supra,* and the further fact that the driver of the approaching automobile which struck plaintiff likewise was negligent would or could not be an excuse or defense for the defendant's failure to discharge his duties and obligations to the plaintiff when alighting from the bus or when and where injured. Joint tort feasors are separately as well as jointly liable but it is optional with the plaintiff whether he seeks a judgment against one or all of them. See Anderson v. Crawford, 111 Fla. 381, 148 So. 656. We sustain the conclusions of the lower court to the effect that the declaration states a cause of action.

It is next contended that the lower court erred in sustaining objection or objections made by counsel for the plaintiff to questions propounded during the trial of the cause, viz.:

"Q. What was the reason for your allowing Bobby to get out of the bus when this approaching automobile was about 300 feet away?"

"Q. Well, was the automobile going too fast to stop?"

"Q. Did you know, Mr. Pendarvis, of any statute requiring automobile to come to a stop as they approached the school bus and before passing the same?"

"Q. Did approaching vehicles ordinarily come to a stop before attempting to pass your school bus?"

"Q. Why did you start waving when the car was about 150 feet away?"

The cases of Walker v. Smith, 119 Fla. 430, 161 So. 551; Dania Lumber & Supply Co. v. Senter, 113 Fla. 332, 152 So. 2; Gosma v. Adams, 102 Fla. 305, 135 So. 806, 78 A. L. R. 1195; and other citations of authorities are relied upon to sustain defendant's position. These authorities hold that defendant in this cause had the right to assume that the automobile which was approaching the school bus would observe the law of the road. It appears that the charge of the court on the law of the case to the jury was sufficient to take care of this contention, when it said:

"Drivers on the public highways of this state, when exercising ordinary and reasonable care, may assume that other persons operating automobiles upon the highway approaching them will conform to the law of the road and to the laws of the State of Florida regulating the operation of motor vehicles, and I charge you that Mr. Pendarvis in operating the school bus, which had stopped for the purpose of discharging children which he was transporting, had the right to assume that an automobile approaching said bus would conform to the law of the State of Florida and would bring said motor vehicle to a full stop, as required by statute, before passing said school bus."

The next assignment is that the declaration, or the following allegation thereof, is a conclusion on the part of the pleader, when it alleges: "That the plaintiff was permitted to alight at a dangerous time and place in that an automobile was approaching and was so close as to render it unsafe and dangerous for the plaintiff to alight from the bus." Counsel cites in support of this contention South Florida Tel. Co. v. Maloney, 34 Fla. 338, 16 So. 280; Johnson v. Benbow, 93 Fla. 124, 111 So. 504. It would be difficult to maintain that the speed of the approaching automobile was a conclusion of the pleader, because the speed may be a question of opinion and the approach of the automobile

and conditions connected therewith changed as the car reached the plaintiff on the highway. It is true that the opportunities of the plaintiff to miss or not to collide with the car and the elements of danger surrounding the time and place of his exit from the school bus are factors to be established by evidence under some allegation in the declaration. We do not think there was error here. See Burnett v. Allen, *supra*.

Assignments of error three and four are predicated on the following questions: (a) Is a school bus driver negligent when he halts his bus and a child alights from said bus without the knowledge and consent of the bus driver and against his express instructions, and the child while crossing the highway is struck by an automobile? (b) Is a school bus driver negligent when after the bus stops, a child throws open a bus door and permits another child to alight, without knowledge and consent and against the express instructions of the bus driver? We have considered the testimony appearing in the transcript and it is doubtful if the questions, *supra,* are fully grounded in the testimony. The first question omits the essential that the bus was stopped by the driver on the opposite side of the highway from the plaintiff's home, while the second possibly overlooks the duty of the driver to the plaintiff to see that he did not alight where possible danger existed, even if the defendant had brought the bus to a stop at a dangerous time and place. We have considered the plea stricken by the lower court. It appears that the jury was competent to pass on the issues of fact presented under appropriate instructions. We fail to find error in this ruling.

It is next contended that reversible error occurred when plaintiff testified as follows:

"Q. Bobbie, when you were getting out of the bus

there at the time this accident happened, did Mr. Pendarvis say anything to you?

"A. No.

"Q. Did he speak to you at all?

"A. No.

"Q. Did you ever hear him say anything previous to the time you were hit?

"A. No.

"Q. Did anybody ever tell you about watching out for automobiles when you crossed the highway?

"A. Mother did.

"Q. Your Mother did?

"A. Yes."

The following question was propounded by the defendant to Fred Graham:

"Q. Now, during this time that you rode in this bus back and forth to school, or such a matter before the accident, did Mr. Pendarvis say anything to the children about how they should act when they got out of the bus?"

"A. Yes."

Likewise the following proffer was made:

MR. GRAY: "* * * I now offer to prove by the witness, Fred Graham, and by the witness Doris Peterson and by the witness Eugene Perry, that during the period of time of a month to a month and a half prior to the accident to the plaintiff, that they were passengers in the bus, and were present, and at the school house, during which period of time Bobby Pfeifer was also a student at the school and a passenger in the bus; that they on numerous occasions during that period heard Mr. Pendarvis caution the children."

One of the objections to the testimony of Fred Graham and the proffer as made by counsel for plaintiff was that it did not appear that plaintiff was present when this al-

leged statement was made and the witness could not testify that plaintiff was present. The following language was used by the trial court when passing on the testimony.

"I don't know what you are going to do with the language of our own Supreme Court, when it said, in talking about school bus drivers, that such person is bound to use every reasonable precaution and care for the safety of such children and prevent any harm or danger coming to them either while approaching the bus or riding in the bus or leaving from the immediate vicinity of the bus. It seems to me in the first place that this testimony that is offered here is not in cross of anything brought out by the plaintiff. This witness is called back for further cross examination, and not as a witness for the defendant. Second, that it is not shown that the plaintiff himself was present when these warnings, if I may call them such, were given. Third, that it covers a period of time of a month and a half or such matter, and it is not shown that any of them were even near the time of this alleged accident."

We have not been given citations of authorities in the brief by counsel for defendant showing that the above proffered testimony was admissible. We fail to find error in this assignment.

It is next contended that the allegata and probata failed to meet and correspond. The declaration alleged that the plaintiff was struck by an automobile whereas the testimony shows that the child ran into the automobile, and that a fatal variance now exists .

This Court has uniformly held that the allegata and probata must meet and correspond both in actions at law and suits in equity. Regardless of what the evidence may show, a plaintiff must recover, if at all, on the case made by the declaration. See Pick v. Adams, 98 Fal. 140, 123 So. 547; Brevard County Bldg. & Loan Ass'n v. Sumrall, 101 Fla.

1189, 133 So. 888. The brief for defendant shows that no variance was urged in the lower court on the admission of testimony, motion for a directed verdict, new trial or any other procedural method recognized by law. See: Sections 4499 and 4501 C. G. L., and Caldwell v. People's Bank of Sanford, 73 Fla. 1165, 75 So. 45.

We think the case of Burnett v. Allen is a full and complete answer to the several questions raised.

It is contended that the negligence of the plaintiff contributed to his injury to such an extent that in law he is precluded from a recovery here. In the case of Shayne v. Saunders, 129 Fla. 355, 176 So. 498, this Court, in treating a similar issue, said:

"In every case where contributory negligence is the issue, it must not be overlooked that such a plea admits the negligence of the defendant pleading it, and is therefore a plea in confession and avoidance. Such a plea puts upon the pleader the burden of making his avoidance as broad in law as his confession, which means that the pleader of contributory negligence must assume the burden of showing not only that plaintiff was guilty of negligent exposure of himself to danger, or of a failure to exercise reasonable care for his own protection, but that such conduct on his part was a substantial factor in bringing about (causing to happen) the particular harm sued for. A. L. I. Negligence, par. 468, page 1237."

Whether contributory negligence appears by direct testimony or by fair inference from the evidence of the plaintiff, is a question for the jury to determine under proper instructions from the court as a conclusion of contributory negligence does not indisputably arise from the evidence offered by the plaintiff so as to become a question of law. See Atlantic Coast Line R. Co. v. McCormick, 59 Fla. 121, 52 So. 712; Florida Motor Lines v. Newsham, 101 Fla.

1072, 132 So. 839, 136 So. 254; Louisville & N. R. Co. v. Yniestra, 21 Fla. 700; Farnsworth v. Tampa Electric Co., 62 Fla. 166, 57 So. 233; Wood Lumber Co. v. Gipson, 63 Fla. 316, 58 So. 364; German American Lbr. Co. v. Brock, 55 Fla. 377, 46 So. 740.

It is contended that the evidence is insufficient to support a verdict for the plaintiff in this cause. We have read and carefully considered all the testimony submitted by the lower court to the jury in this case. We find on many essential points the testimony was conflicting but the verdict as rendered was fully within the province of the jury to settle or decide. If the evidence is conflicting or will admit of different reasonable inferences, or if there is evidence tending to prove the issue, it should be submitted to the jury as a question of fact to be determined by them, and not taken from the jury and passed upon by the court as a question of law. Cameron, etc., Co. v. Law-Engle Co., 98 Fla. 920, 124 So. 814; McKinnon v. Johnson, Fla. 120, 48 So. 910; Starks v. Sawyer, 56 Fla. 596, 47 So. 513; Florida Cent., etc., R. Co. v. Williams, 37 Fla. 406, 20 So. 558; Southern Exp. Co. v. Williamson, 66 Fla. 286, 63 So. 433, L. R. A. 1916C 1208; Bass v. Ramon, 58 Fla. 161, 50 So. 945, 138 Am. St. Rep. 105; Wood Lbr. Co. v. Gipson, 63 Fla. 316, 58 So. 364; Paul v. Commercial Bank, 69 Fal. 62, 68 So. 68; Johnson v. Louisville & N. R. Co., 59 Fla. 305, 52 So. 195; Williams v. Sherry, 94 Fla. 998, 114 So. 849; German-American Lbr. Co. v. Brock, 55 Fla. 577, 46 So. 740; Atlantic Coast Line R. Co. v. Pelot, 62 Fla. 121, 56 So. 496. See King v. Cooney-Eckestein Co., 66 Fla. 246, 63 So. 659, Ann. Cas. 1916C 163; Gunn v. Jacksonville, 67 Fla. 40, 64 So. 435; Davis v. Ivey, 93 Fla. 387, 112 So. 264; Florida East Coast Ry. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Packsonville v. Glover, 69 Fla. 701, 69 So. 20; Gravette v.

Turner, 77 Fla. 311, 81 So. 476; Gulf Refining Co. v. Ankeney, 102 Fla. 151, 135 So. 521.

It is next contended that the lower court erred in charging the jury at the request of the plaintiff as follows:

"The mere fact that the negligence of a third person contributed to or combined with that of the defendant in producing the alleged injury complained of would not exonerate the defendant. If the defendant was guilty of the negligence alleged and such negligence either alone produced, or combined with the negligence of a third person to produce, the injury complained of, the defendant is answerable in law for all of the damages occasioned by such negligence."

We are required to consider the entire charge rather than a single isolated instruction or a portion thereof in determining whether or not there was error. In the case of Lewis v. State, 55 Fla. 54, text 63, 45 So. 998, this Court said:

"It is settled law in this court that in passing upon a single instruction or charge it should be considered in connection with all the other instructions and charges bearing on the same subject, and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction or charge must fail, unless under all the peculiar circumstances of the case the court is of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury. Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318, and authorities therein cited; Davis v. State, 54 Fla. 34, 44 South. Rep. 757; Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 South. Rep. 761; Cross v. Aby, decided here at this term. It is also settled law here that where an instruction, as far as it goes, states a correct proposition of law, but is defective because

it fails to qualify or explain the proposition it lays down in consonance with the facts of the case, such defect is cured if previous or subsequent charges or instructions are given containing the required qualifications or exceptions. It is not required that a single instruction should contain all the law relating to the particular subject treated therein. Atlantic Coast Line R. Co. v. Crosby, *supra,* and authorities therein cited."

Counsel for defendant contends that the verdict in the sum of $7,000.00 is excessive. The jury rendered a verdict for the sum of $10,000.00, but the trial court ordered a remittitur in the sum of $3,000.00, permitting the verdict to stand for $7,000.00. The testimony of Dr. Fort, the attending physician of the plaintiff, appears fully in the record. He was called professionally to treat the boy shortly after he sustained the injuries. He found the broken bone protruding through the flesh of the arm and the boy suffering severely from the shock incident to an injury. He remained in the hospital from February 18th to March 12th. He was returned at a later date to the hospital. He was forced to wear a brace for his broken arm and injured shoulder for a long time. His capacity to grip an object has been permanently affected. It cannot be denied by any person connected with this case that this boy did not go through an inferno of pain and suffering over a long time. In the case of Atlantic Coast R. Co. v. Whitney, 65 Fla. 72, text 83-4, 61 So. 179, this Court had before it the value of pain and suffering and said:

"There can be no scientific rule laid down governing the amount which a jury may give in a case like this which involves the question not simply of earning capacity, but of pain and suffering. Unless the Legislature shall fix by law the limits of recovery, as has been done in some States, the matter must be left largely to the jury."

This Court has upheld verdicts as not excessive in the following cases: In an action for damages for loss of arm of young child recovery of $15,000.00 was held not excessive. Tampa Electric Co. v. Bazemore, 85 Fla. 164, 96 So. 297. $5,000.00 for the loss of the index and second fingers was held not to be excessive. Ryan v. Noble, 95 Fla. 830, 116 So. 766.

We have carefully considered each assignment and fail to find reversible error. The judgment appealed from is hereby affirmed.

WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.