BURDINE'S, INC., a Florida Corporation, Plaintiff in Error, v. ENOCH MOOD MCCONNELL, JR., a Minor, by His Father and Next Friend, E. M. McConnell, Sr., Defendant in Error.

1 So. (2nd) 462

Opinion Filed April 1, 1941

*McKay, Dixon & DeJarnette,* and *Evans, Mershon & Sawyer,* for Plaintiff in Error.

*Knight & Green,* for Defendant in Error.

ADAMS, J.—This case comes here on writ of error to review a judgment for defendant in error against plaintiff in error in the amount of one thousand ($1,000) dollars.

The plaintiff's declaration in substance alleges that defendant, the owner of a large department store, operated for the convenience of its customers an escalator. The plaintiff, a child 3½ years of age, entered the store in company with its mother pursuant to an invitation to the general public. While in the store plaintiff wandered from his mother onto the escalator and was caught in the openings

where it converged with the floor, resulting in a broken little finger. It is alleged that defendant knew that children were lured to ride and play upon the escalator and suffered them to do so.

The gist of the actionable negligence alleged is that the defendant had reason to apprehend the impending danger and failed and neglected to adopt reasonable precautionary measures to prevent the same. The case was tried on pleas of general issue and special traverse.

The plaintiff's status according to the pleadings was that of an invitee. As such the defendant owed a duty to exercise a reasonable degree of care not to injure him. Christopher v. Russel, 63 Fla. 191; 58 So. 45; 191 Am. Cas. 1913-564.

Circumstances alter the application of the rule to cases. What is reasonable care to one class of invitees might fall short as to another. Those who invite children, who have not arrived at the age of discretion, to go upon their premises are required to exercise a relatively higher degree of care for their safety than to adults. That degree of care is commensurate with the attending facts and circumstances of each care. Burnett v. Allen, 114 Fla. 489; 154 So. 515; Bagdad Land & Lumber Co. v. Boyette, 104 Fla. 699; 140 So. 798; Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 So. 183; and Union Pacific Ry. Co. v. McDonald, 152 U. S. 262; 38 Law Ed. 434.

The law imposes such duty. It is a jury question whether the duty has been violated.

In this case the jury had substantial testimony before it that the defendant was guilty of the negligence charged, *i. e.,* that defendant invited the general public including children to its store; that, though the escalator was of the best type and in good condition, an injury such as this would probably occur inasmuch as a foreign object the size of a child's finger

could enter the openings as alleged in the declaration; that children without supervision or restriction played and rode upon same; that defendant failed to shield the openings or to station guards to protect unsuspecting little children from the probable danger. Under these circumstances we think the jury was justified in coming to the conclusion that defendant was negligent.

It is next claimed that the contributory negligence of the plaintiff's mother precludes recovery. This contention is without merit. The negligence of the custodian of a little child is not imputed to the child. Jacksonville Electric Co. v. Adams, *et al.*, 50 Fla. 429; 39 So. 183.

It is next contended that there was a material variance in the allegations of the declaration and the proof. We find this without merit.

It is contended that the verdict was excessive. The plaintiff sustained only trivial injuries with the exception of a broken finger. Fortunately he received excellent medical attention and the recovery was good. The finger was exhibited to the jury. It was somewhat disfigured at the time of the trial. The plaintiff received hospitalization for about twenty-four hours after the occurrence and necessarily sustained considerable pain. There was doubt as to whether he would suffer future pain. X-ray pictures of the finger were before the jury but have not been made available in this Court. All the facts were before the jury under proper instructions thereon and we are unable to say that the amount of the verdict was unwarranted, hence we will not disturb it.

We have examined the charges complained of as well as the entire charge. We are unable to say there was reversible error committed in the charges given or the refusal of the ones requested.

516

Finding no reversible error the judgment is affirmed.

WHITFIELD, BUFORD and CHANMAN, J. J., concur.

BROWN, C. J., and THOMAS, J., dissent.

TERRELL, J., not participating.