156 So.2d 672 (1963)
FINCHER MOTOR SALES, INC., a Florida corporation, Appellant,
v.
Cecile LAKIN, as Administratrix of the Estate of Silas Howard Lakin, deceased, Appellee.
No. 63-63.
District Court of Appeal of Florida. Third District.
October 8, 1963.
Blackwell, Walker & Gray and Carl P. Stephens, Jr., Miami, for appellant.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellee.
Before BARKDULL, C.J., and CARROLL and TILLMAN PEARSON, JJ.
CARROLL, Judge.
This is an appeal by the plaintiff below from a judgment of dismissal. The action was for indemnity, by an owner of an automobile against the driver[1] whose negligence caused the damage for which the owner was sued and required to pay, in settlement, *673 an aggregate of $134,000. The action by Fincher Motor Sales, Inc. (Fincher hereafter) was brought thereafter against the estate of the then deceased driver, Lakin, for the said amount paid out by Fincher plus certain expenses and attorney fees.
On behalf of Lakin a motion to dismiss was filed which set forth two grounds. The first challenged the sufficiency of the complaint. The second ground contended there was a nonjoinder of indispensable parties. In that ground of the motion it was alleged, on information and belief, that Fincher had leased the automobile in question to Gulf Land & Title Company (Gulf hereafter); that the lease required Fincher to take out liability insurance which covered and protected Lakin; that such insurance had been contracted for by Fincher in five named insurance companies; and that those insurance companies were indispensable parties to Fincher's action against Lakin for indemnity. The motion did not state or contend that the alleged lessee of the car, Gulf Guaranty Land & Title Company, was an indispensable party.[2]
The trial court granted the motion to dismiss and entered judgment for the defendant, reciting that the dismissal was "on the sole ground that the plaintiff failed to join an indispensable party, to-wit: Gulf Guaranty Land & Title Company." The plaintiff appealed and contends that the trial court was in error in its determination that Gulf was an indispensable party to the indemnity action, and in thus dismissing the cause. We find merit in the appeal and reverse the judgment.
Rule 1.18, F.R.C.P., 30 F.S.A., states:
"Misjoinder of parties shall not be ground for dismissal of an action." The rule provides that parties may be dropped or added by order of court. Here there was no order requiring the joinder of a party, nor was there a violation of any such direction of the court. Appellee concedes it was error to dismiss the action, because of the rule which provides against dismissal. But appellee argues the trial court was correct in holding a misjoinder, and contends the cause should be remanded, to be followed by an order to join Gulf, with a subsequent *674 dismissal if such order should not be complied with.
We hold, however, that the trial judge committed error in ruling that Gulf, the alleged lessee of the car, was an indispensable party. Giving effect to the allegation in the motion to dismiss that Fincher leased the car to Gulf, and if we assume (though it was not so stated in the motion) that the driver was acting for Gulf so as to impose vicarious liability on Gulf for his negligence, the result would be that the driver and Gulf were jointly and severally liable to Fincher for indemnity. Under those circumstances, Fincher having chosen to sue Lakin separately, could not be compelled to join Gulf. To require that, against the wishes of Fincher, would be equivalent to depriving Fincher of a right to sue Lakin. When two parties are liable to another jointly and severally it is optional with the plaintiff whether he sues either or both. See Pendarvis v. Pfeifer, 132 Fla. 724, 182 So. 307; Anderson v. Crawford, 111 Fla. 381, 149 So. 656; Colle v. Atlantic Coast Line R. Co., 153 Fla. 258, 14 So.2d 422.
In the case of Hutchins v. Frank E. Campbell, Inc., Fla.App. 1960, 123 So.2d 273, an owner bailed her automobile to a business company. The latter's driver negligently caused injuries for which the owner was held liable. Thereafter she was permitted to maintain an action for indemnity against the company alone. The situation there was similar to that in the instant case, with the exception that in the Hutchins case the owner sought indemnity from the company to which the car had been bailed, rather than from the company's driver whose negligence caused the injuries.
Fincher's liability was vicarious, as the owner of the car, for loss and injury proximately resulting from its negligent operation by the driver to whom entrusted.[3] Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255. Lakin's liability was for his negligent operation of the vehicle. Although both were liable to the injured parties, the owner and the driver were not in pari delicto as to each other. Under those circumstances the car owner could sue its driver for indemnity. See Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316; Suwanee Valley Elec. Co-op. v. Live Oak, Perry & Gulf R. Co., Fla. 1954, 73 So.2d 820. Thus in 7 Fla. Jur., Contribution, § 8, it was said:
"The rule denying contribution between joint tortfeasors is generally limited to cases in which the parties as between themselves stand in pari delicto. In cases where although both parties are at fault and both liable to the person injured they are not in pari delicto as to each other, as where an injury results from a violation of the duty which one tortfeasor owes to the other and the latter has been compelled to pay for the injury, the one so paying may recover from the person primarily liable. In such cases, there exists more than the mere right of contribution, and the claimant is usually permitted to indemnify himself to the full amount against the party primarily liable, as between them, for the tortious act."
The defendant's motion failed to show nonjoinder of any indispensable parties. The action was at law, recognized as the proper forum in which to seek indemnity, and the motion to dismiss made no adequate showing to cause the case to be shifted to equity. See 13 Am.Jur., Contribution, §§ 5, 69. In substance, the motion suggested that Fincher, through contract with Gulf to whom it leased the car, had arranged insurance to protect Lakin against loss sustained through his own negligence. If that was so, there is no rule for such indemnity insurance companies to *675 be parties to a law action brought against the assured for negligent operation of an automobile. See Artille v. Davidson, 126 Fla. 219, 170 So. 707; Jones v. United States Fidelity & Guaranty Co., N.D.Fla. 1937, 19 F. Supp. 799. To the extent that facts relating to such insurance may be determined by the trial court to be relevant and their disclosure essential, before or after judgment, the authorized discovery procedures should suffice.
Accordingly the judgment appealed from is reversed and the cause is remanded to the circuit court for further proceedings not inconsistent herewith.
Reversed and remanded.
NOTES
[1] The complaint included an allegation that at the stated time and place of the accident "Lakin was operating a certain motor vehicle owned by Fincher [Fincher Motor Sales, Inc.] and entrusted by Fincher to Lakin, and at the said time and place Lakin did so wilfully or negligently or recklessly operate the said vehicle. * * *"

Also it was alleged: "The Claims against and the liability of Fincher, the plaintiff herein, in the said actions were predicated only upon the fact that Fincher owned the automobile which had been entrusted to Lakin and which Lakin was operating as aforesaid and not because of any negligence on the part of the plaintiff."
[2] The grounds of the motion to dismiss were as follows:

"1. The said Amended Complaint fails to state a claim upon which relief can be granted against this defendant.
"2. The said Amended Complaint fails to join indispensable parties, and this Defendant would show unto the Court that on information and belief the Plaintiff company leased the automobile involved in the accident mentioned in the Amended Complaint to the Gulf Guaranty Land & Title Company, and under the terms of said lease was obliged to procure insurance covering the lessee and others, and that Plaintiff, pursuant to such obligations under the said lease agreement, did procure liability insurance in the amount of $400,000.00 which covers the accident in question and the deceased Silas Howard Lakin as an additional insured, and that this Defendant is informed and believes, and on such information and belief says to the Court that such insurance was contained in insurance policies written by the following companies: Central Casualty Company, Chicago, Illinois; London and Edinburgh Insurance Company, Ltd., London, England; Underwriters of Lloyds, London, England; State Automobile Mutual Insurance Company, an Ohio corporation; and Continental Casualty Corporation, an Illinois corporation; and that all of the said insurance is applicable to the accident in question, and that said insurance companies are indispensable parties to this action for the reason that such insurance must be considered in determining the total available insurance coverage applicable to said accident, and the relative rights, duties and responsibilities of the respective insurance companies having insurance coverage in effect at the time of the said accident in question."
[3] See Note 1.