In re Susan Marie DYNDA, Debtor.

**FIREMAN'S FUND INSURANCE COMPANY, Plaintiff,**

v.

**Susan Marie DYNDA, Defendant.**

**Bankruptcy No. 81–402–ORL–BK–GP. Adv. No. 81–257.**

United States Bankruptcy Court, M. D. Florida, Orlando Division.

April 22, 1982.

Peter Keating, Daytona Beach, Fla., for defendant.

Joseph E. Foster, Orlando, Fla., for plaintiff.

## MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

### Facts

Plaintiff seeks an exception to discharge under 11 U.S.C. § 523(a)(6) of the Bankruptcy Code which does not permit discharge of a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

Debtor, Susan Marie Dynda, resided in an apartment building owned by Palmer Newton. Defendant Dynda disliked one of her neighbors in the apartment building, Bob Mason. In an attempt to cause smoke damage to the apartment, Dynda entered the apartment without Mason's knowledge and consent on August 8, 1979, and started a fire with some wadded newspaper. Defendant Dynda testified, and the Court believes, that she did not intend to burn totally the apartment building. Instead, she wanted to cause minimal smoke and fire damage to the apartment which would result in Mason's eviction by the landlord.

Dynda testified that two fires were set in Mason's apartment on August 8, 1979. She testified that she had set one fire and that another fire had been started by another tenant in the building, Celina Samples. Samples shared the animosity toward the neighbor Mason. Dynda testified that Samples had set her fire by pouring and igniting an accelerant, probably mineral spirits, on an end table in Mason's apartment. Dynda declares that she later returned to Mason's apartment and observed that her fire had gone out. She notes that Samples' fire was still burning and had increased in intensity. It was the Defendant's contention that Samples' fire had done most of the damage to Newton's apartment building and that her fire had done only minimal damage to the wall of the apartment.

The Court finds testimony of the Defendant on this point unpersuasive. The unrefuted testimony of A. D. Cosson, a fire investigator for the State of Florida, was that no evidence of the use of accelerants had been found at the scene of the fire. Mr. Cosson further testified that he found no evidence of burn patterns which would indicate the existence of two separate fires. This Court can only find that the fire which was set in Newton's building on August 8, 1979, was caused by the Defendant.

It was undisputed at trial that Newton's building was severely damaged by the fire. Thus, Mr. Newton obviously suffered injury as a result of the fire.

Fireman's Fund Insurance Company paid the loss to Newton in the amount of Ninety-Two Thousand, Seven Hundred, Forty-Four and 09/100 Dollars ($92,744.09).

The carrier now seeks to recover and hold as an exception to the discharge the sum paid to its insured under the fire insurance policy via a contractual right of subrogation.

### Conclusions of Law

1. Plaintiff, Fireman's Fund Insurance Company, has standing to bring this action. The Court finds that Fireman's Fund's posture as a subrogee of the insured, Palmer Newton, does not affect its right to bring this action. *Fireman's Fund Insurance Company v. Covino*, 12 B.R. 876, 4 C.B.C.2d 1125 (Bkrtcy.M.D.Fla., 1981).

2. Defendant, Susan Marie Dynda, set the above-referenced fire willfully and maliciously as those terms are used in § 523(a)(6) of the Bankruptcy Code. The act was willful in that it was deliberate and intentional. Senate Report No. 95–989, Bankruptcy Reform Act of 1978, p. 79; House Report No. 95–595, Bankruptcy Reform Act of 1978, p. 365, U.S.Code Cong. & Admin.News 1978, p. 5787. The act was malicious in that it was wrongful, without just cause, and performed as a result of personal ill will. *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1902); 3 Collier on Bankruptcy 15th ¶ 523.16[1].

3. The fire which was willfully and maliciously set by Defendant Dynda proximately caused loss to Fireman's Fund's insured, Newton, for which the carrier was obligated to pay and did pay under its policy of insurance. Even though the Defendant probably did not intend for the fire to cause the amount of damage which resulted, she is responsible for all damages which are the natural or probable consequence of her willful and malicious act. *Broome v. Budget Rent-A-Car of Jax, Inc.*, 182 So.2d 26 (Fla. 1st DCA 1966). Thus, Defendant Dynda is liable for the entire $92,744.09 paid to Fireman's Fund's insured.

Even if the Court believes Defendant's testimony that Samples also had set a fire in Mason's apartment, the Court finds that she would still be liable as a joint tortfeasor with Samples. The general rule is that persons who combine to commit a wrong are joint tortfeasors and are responsible for the acts of each other. If separate and independent wrongs are committed by different persons and merge into a single tort, each is responsible. *Sands v. Wilson*, 140 Fla. 18, 191 So. 21 (1939).

Here, Defendant Dynda admitted starting a fire which contributed to the severe damage of the apartment building. Even if the Court chooses to believe Dynda's testimony that her fire went out and that Samples' fire caused most of the damage to the building, the fact remains that both fires would have caused damage and contributed to the injury. It would not be possible to separate the damage caused by the two fires. Thus, Dynda is liable for the entire amount of the damage as a joint tortfeasor.

Plaintiff may choose to recover against only one of the joint tortfeasors. *Pendarvis v. Pfeifer*, 132 Fla. 724, 182 So. 307 (1938); *Fincher Motor Sales, Inc. v. Lakin*, 156 So.2d 672 (Fla. 3rd DCA 1963).

### Judgment

The Court finds that an exception to discharge should be granted pursuant to 11 U.S.C. § 523(a)(6). A final judgment will be separately entered.