PER CURIAM.
During the pendency of an earlier appeal between certain of these parties, reported in HTP, Ltd. etc. et al. v. Lineas Aereas Costarricenses, S.A. etc., et al., 661 So.2d 1221 (Fla. 3d DCA 1996),[1] the appellants herein filed a new action alleging fraud in the inducement as to the settlement agreement, which is the subject of the earlier opinion, against the appellees as defendants. The complaint was met by the defendants filing an answer alleging the defense of res judicata and a counterclaim seeking to recover damages for breach of an underlying agreement which was part of the subject matter of the settlement agreement involved in the earlier case. The trial court entered a final summary judgment in this latest action in favor of the defendants on the defense of res judicata and entered a final summary judgment for the cross defendants as a matter of law. Both of these summary judgments are under review in this proceeding by appeal and cross appeal.
While we find that the earlier case reported in HTP, Ltd., etc. et al. v. Lineas Aereas Costarricenses, S.A., etc., et al., supra, is res judicata to any claim against those defendants named in the earlier case, we find that the earlier ease would not be res judica-ta to the plaintiffs’ attempts to bring suit against the other defendants. Fincher Motor Sales, Inc. v. Lakin, 156 So.2d 672 (Fla. 3d DCA 1963); Pendarvis v. Pfeifer, 132 Fla. 724, 182 So. 307 (1938). However, it appears that the final judgment from the earlier ease has now been satisfied. Even though the plaintiffs would be entitled to maintain multiple actions against joint tortfeasors, having recovered against one of those tortfeasors, the plaintiffs can no longer maintain an action against the other. Travelers Ins. Co. v. Wilson, 371 So.2d 145 (Fla. 3d DCA 1979); Weaver v. Stone, 212 So.2d 80 (Fla. 4th DCA 1968). Accordingly, the plaintiffs are not entitled to pursue this cause of action, as the issue is now moot. We also find that the counterclaim urged by the defendants in the trial court is barred by the compulsory counterclaim rule, which required any such claim to have been asserted in the prior proceedings which resulted in the jury verdict and final judgment thereon which was affirmed by this court in HTP, Ltd., etc. et al. v. Lineas Aereas Costarricenses, S.A., etc., et al., supra. See Fla.R.Civ.P. 1.170(b). Therefore the final summary judgments under review are affirmed.
Affirmed.

. We note that review has been granted by the Supreme Court in regard to this opinion. See 670 So.2d 938 (Fla.1996).